1  JACKLIN CHOU LEM (CASBN 255293)
2  ALEXANDRA J. SHEPARD (CASBN 205143)
   HOWARD J. PARKER (WASBN 07233)
3  KAREN J. SHARP (TXSBN 02049500)
   ANDREW J. NICHOLSON-MEADE (CASBN 284070)
4  PARADI JAVANDEL (CASBN 295841)
   U.S. Department of Justice, Antitrust Division
5  450 Golden Gate Avenue
   Box 36046, Room 10-0101
6  San Francisco, CA 94102
   Telephone: (415) 934-5300
7  jacklin.lem@usdoj.gov
8
9  Attorneys for the United States

10

11            UNITED STATES DISTRICT COURT

12          NORTHERN DISTRICT OF CALIFORNIA

13              SAN FRANCISCO DIVISION

14

15

16  UNITED STATES OF AMERICA          No. CR-15-0426-JD

17            v.                      **<u>REDACTED VERSION OF
                                      DOCUMENT SOUGHT TO BE
18  NEC TOKIN CORP.,                  SEALED.</u>**

19                                    **DECLARATION OF JACKLIN CHOU
                 Defendant.           LEM IN SUPPORT OF JOINT
20                                    SENTENCING MEMORANDUM**

21                                    DATE: January 21, 2016 (requested, pending
22                                          Court approval)
                                      TIME: 10:30 am
23                                    COURT: Hon. James Donato

24

25

26

27

28

LEM DECLARATION IN SUPPORT OF
JOINT SENTENCING MEMO
U.S. v. NEC TOKIN, CR-15-0426-JD



LEM DECLARATION IN SUPPORT OF
JOINT SENTENCING MEMO
U.S. v. NEC TOKIN, CR-15-0426-JD



LEM DECLARATION IN SUPPORT OF
JOINT SENTENCING MEMO
U.S. v. NEC TOKIN, CR-15-0426-JD



LEM DECLARATION IN SUPPORT OF
JOINT SENTENCING MEMO
U.S. v. NEC TOKIN, CR-15-0426-JD



LEM DECLARATION IN SUPPORT OF
JOINT SENTENCING MEMO
U.S. v. NEC TOKIN, CR-15-0426-JD

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



LEM DECLARATION IN SUPPORT OF
JOINT SENTENCING MEMO
U.S. v. NEC TOKIN, CR-15-0426-JD

# Exhibit A

JACKLIN CHOU LEM (CSBN 255293)
ALEXANDRA J. SHEPARD (CSBN 205143)
HOWARD J. PARKER (WSBN 07233)
HENRY J. HAUSER (CSBN 286744)
ANDREW J. NICHOLSON-MEADE (CSBN 284070)
PARADI JAVANDEL (CSBN 295841)
U.S. Department of Justice
Antitrust Division
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, CA 94102
Telephone: (415) 934-5300
jacklin.lem@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. |
| v. | VIOLATION: 15 U.S.C. § 1<br>Price Fixing |
| NEC TOKIN CORPORATION, | |
| Defendant. | **PLEA AGREEMENT** |

The United States of America and NEC TOKIN Corporation ("defendant"), a corporation organized and existing under the laws of Japan, hereby enter into the following Plea Agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."):

## RIGHTS OF DEFENDANT

1.     The defendant understands its rights:

   (a)     to be represented by an attorney;

   (b)     to be charged by Indictment;

PLEA AGREEMENT (NEC TOKIN)                    1

1       (c)     as a corporation organized and existing under the laws of Japan, to decline

2   to accept service of the Summons in this case, and to contest the jurisdiction of the

3   United States to prosecute this case against it in the United States District Court for the

4   Northern District of California;

5       (d)     to plead not guilty to any criminal charge brought against it;

6       (e)     to have a trial by jury, at which it would be presumed not guilty of the

7   charge and the United States would have to prove every essential element of the charged

8   offense beyond a reasonable doubt for it to be found guilty;

9       (f)     to confront and cross-examine witnesses against it and to subpoena

10   witnesses in its defense at trial;

11      (g)     to appeal its conviction if it is found guilty; and

12      (h)     to appeal the imposition of sentence against it.

13                **AGREEMENT TO PLEAD GUILTY AND WAIVE CERTAIN RIGHTS**

14      2.      The defendant knowingly and voluntarily waives the rights set out in Paragraph

15   1(b)-(g) above. The defendant also knowingly and voluntarily waives the right to file any

16   appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal

17   under 18 U.S.C. § 3742, that challenges the sentence imposed by the Court if that sentence is

18   consistent with or below the recommended sentence in Paragraph 9 of this Plea Agreement,

19   regardless of how the sentence is determined by the Court. This agreement does not affect the

20   rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b)-(c). Nothing in this

21   paragraph, however, will act as a bar to the defendant perfecting any legal remedies it may

22   otherwise have on appeal or collateral attack respecting claims of ineffective assistance of

23   counsel or prosecutorial misconduct. The defendant agrees that there is currently no known

24   evidence of ineffective assistance of counsel or prosecutorial misconduct. Pursuant to Fed. R.

25   Crim. P. 7(b), the defendant will waive indictment and plead guilty to a one-count Information to

26   be filed in the United States District Court for the Northern District of California. The

27   Information will charge the defendant with participating, from at least as early as April 2002

28   until in or about December 2013, in a conspiracy to suppress and eliminate competition by fixing

PLEA AGREEMENT (NEC TOKIN)         2

1   prices and rigging bids of certain electrolytic capacitors in the United States and elsewhere, in

2   violation of the Sherman Antitrust Act, 15 U.S.C. § 1.

3       3.     The defendant will plead guilty to the criminal charge described in Paragraph 2

4   above pursuant to the terms of this Plea Agreement and will make a factual admission of guilt to

5   the Court in accordance with Fed. R. Crim. P. 11, as set forth in Paragraph 4 below.

6                     **FACTUAL BASIS FOR OFFENSE CHARGED**

7       4.     Had this case gone to trial, the United States would have presented evidence

8   sufficient to prove the following facts:

9           (a)     For purposes of this Plea Agreement, the "relevant period" is the period

10   beginning at least as early as April 2002 until in or about December 2013. During the

11   relevant period, the defendant was a corporation organized and existing under the laws of

12   Japan. The defendant had a principal place of business in Tokyo, Japan. During the

13   relevant period, the defendant was a manufacturer of tantalum electrolytic capacitors and

14   was engaged in the sale of tantalum electrolytic capacitors in the United States and

15   elsewhere. Electrolytic capacitors are a major sub-category of capacitors, fundamental

16   components of electrical circuits used primarily to store and regulate electrical current.

17   Tantalum capacitors are a type of electrolytic capacitor.

18           (b)     During the relevant period, the defendant, through its officers and

19   employees, including high-level personnel of the defendant, participated in a conspiracy

20   among manufacturers of electrolytic capacitors, the primary purpose of which was to fix

21   prices and rig bids of certain electrolytic capacitors sold in the United States and

22   elsewhere. In furtherance of the conspiracy, the defendant, through its officers and

23   employees, at times engaged in discussions and attended meetings with representatives of

24   other manufacturers of electrolytic capacitors. During certain of these discussions and

25   meetings, the conspirators agreed to fix the price and/or rig bids of certain electrolytic

26   capacitors to be sold in the United States and elsewhere.

27           (c)     During the relevant period, the defendant and its coconspirators

28   manufactured certain electrolytic capacitors outside the United States and sold them in

PLEA AGREEMENT (NEC TOKIN)      3

the United States or for delivery to the United States. During the relevant period, one or more of the conspirator firms sold certain foreign-manufactured electrolytic capacitors outside the United States for incorporation into products that were sold in or for delivery to the United States. During the relevant period, certain electrolytic capacitors sold by one or more of the conspirator firms traveled in interstate commerce.

(d)     Acts in furtherance of this conspiracy were carried out within the Northern District of California. Certain electrolytic capacitors that were the subject of this conspiracy were sold by one or more of the conspirators to customers in this District.

## ELEMENTS OF THE OFFENSE

5.     The elements of the charged offense are that:

(a)     the conspiracy described in the Information existed at or about the time alleged;

(b)     the defendant knowingly became a member of the conspiracy; and

(c)     the conspiracy described in the Information either (1) substantially affected interstate and U.S. import trade or commerce in electrolytic capacitors or occurred within the flow of interstate or U.S. import trade or commerce in electrolytic capacitors, or (2) had a direct, substantial, and reasonably foreseeable effect on interstate or U.S. import trade or commerce in certain electrolytic capacitor-containing products and that effect, in part, gives rise to the charge in the Information.

## POSSIBLE MAXIMUM SENTENCE

6.     The defendant understands that the statutory maximum penalty that may be imposed against it upon conviction for a violation of Section One of the Sherman Antitrust Act is a fine in an amount equal to the greatest of:

(a)     $100 million (15 U.S.C. § 1);

(b)     twice the gross pecuniary gain the conspirators derived from the crime (18 U.S.C. § 3571(c) and (d)); or

(c)     twice the gross pecuniary loss caused to the victims of the crime by the conspirators (18 U.S.C. § 3571(c) and (d)).

PLEA AGREEMENT (NEC TOKIN)            4

7. In addition, the defendant understands that:

(a) pursuant to §8D1.2(a)(1) of the United States Sentencing Guidelines ("U.S.S.G.," "Sentencing Guidelines," or "Guidelines") or 18 U.S.C. § 3561(c)(1), the Court may impose a term of probation of at least one year, but not more than five years;

(b) pursuant to U.S.S.G. §8B1.1 or 18 U.S.C. § 3563(b)(2) or 3663(a)(3), the Court may order it to pay restitution to the victims of the offense; and

(c) pursuant to 18 U.S.C. § 3013(a)(2)(B), the Court is required to order the defendant to pay a $400 special assessment upon conviction for the charged crime.

## SENTENCING GUIDELINES

8. The defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider, in determining and imposing sentence, the Guidelines Manual in effect on the date of sentencing unless that Manual provides for greater punishment than the Manual in effect on the last date that the offense of conviction was committed, in which case the Court must consider the Guidelines Manual in effect on the last date that the offense of conviction was committed. The parties agree there is no *ex post facto* issue under the November 1, 2014 Guidelines Manual. The Court must also consider the other factors set forth in 18 U.S.C. § 3553(a) in determining and imposing sentence. The defendant understands that the Guidelines determinations will be made by the Court by a preponderance-of- the- evidence standard. The defendant understands that although the Court is not ultimately bound to impose a sentence within the applicable Guidelines range, its sentence must be reasonable based upon consideration of all relevant sentencing factors set forth in 18 U.S.C. § 3553(a).

## SENTENCING AGREEMENT

9. Pursuant to Fed. R. Crim. P. 11(c)(1)(C) and subject to the full, truthful, and continuing cooperation of the defendant and its related entities, as defined in Paragraph 13 of this Plea Agreement, the United States and the defendant agree that the appropriate disposition of this case is, and agree to recommend jointly that the Court impose, a sentence requiring the defendant to pay to the United States a criminal fine of $13.8 million, payable in installments as set forth

PLEA AGREEMENT (NEC TOKIN)                5

1    below with interest accruing under 18 U.S.C. § 3612(f)(1)-(2) and no order of restitution ("the

2    recommended sentence"). The parties agree that there exists no aggravating or mitigating

3    circumstance of a kind, or to a degree, not adequately taken into consideration by the U.S.

4    Sentencing Commission in formulating the Sentencing Guidelines justifying a departure pursuant

5    to U.S.S.G. §5K2.0. The parties agree not to seek at the sentencing hearing any sentence outside

6    of the Guidelines range nor any Guidelines adjustment for any reason that is not set forth in this

7    Plea Agreement. The parties further agree that the recommended sentence set forth in this Plea

8    Agreement is reasonable.

9                (a)      The United States and the defendant agree to recommend, in the interest of

10   justice pursuant to 18 U.S.C. § 3572(d)(1), that the fine be paid in the following

11   installments: within thirty (30) days of imposition of sentence – $2.3 million (plus any

12   accrued interest); at the one-year anniversary of the imposition of sentence

13   ("anniversary") – $2.3 million (plus any accrued interest); at the two-year anniversary –

14   $2.3 million (plus any accrued interest); at the three-year anniversary – $2.3 million (plus

15   any accrued interest); at the four-year anniversary – $2.3 million (plus any accrued

16   interest); at the five-year anniversary – $2.3 million (plus any accrued interest); provided,

17   however, that the defendant will have the option at any time before the five-year

18   anniversary of prepaying the remaining balance (plus any accrued interest) then owing on

19   the fine.

20                (b)      The defendant understands that the Court will order it to pay a $400

21   special assessment, pursuant to 18 U.S.C. § 3013(a)(2)(B), in addition to any fine

22   imposed.

23                (c)      In light of the availability of civil cases filed against the defendant,

24   including *In Re: Capacitors Antitrust Litigation* (14-CV-03264-JD), filed in the United

25   States District Court, Northern District of California, which potentially provide for a

26   recovery of a multiple of actual damages, the recommended sentence does not include a

27   restitution order for the offense charged in the Information.

28   //

1       (d)      Both parties will recommend that no term of probation be imposed, but the

2 defendant understands that the Court's denial of this request will not void this Plea

3 Agreement.

4       (e)      The United States and the defendant jointly submit that this Plea

5 Agreement, together with the record that will be created by the United States and the

6 defendant at the plea and sentencing hearings, and the further disclosure described in

7 Paragraph 11, will provide sufficient information concerning the defendant, the crime

8 charged in this case, and the defendant's role in the crime to enable the meaningful

9 exercise of sentencing authority by the Court under 18 U.S.C. § 3553. The United States

10 and the defendant agree to request jointly that the Court accept the defendant's guilty plea

11 and impose sentence on an expedited schedule as early as the date of arraignment, based

12 upon the record provided by the defendant and the United States, under the provisions of

13 Fed. R. Crim. P. 32(c)(1)(A)(ii), U.S.S.G. §6A1.1, and Rule 32-1(b) of the Criminal

14 Local Rules. The Court's denial of the request to impose sentence on an expedited

15 schedule will not void this Plea Agreement.

16       10.      The United States and the defendant agree that the applicable Guidelines fine

17 range exceeds the fine contained in the recommended sentence set out in Paragraph 9 above.

18 Subject to the full, truthful, and continuing cooperation of the defendant and its related entities,

19 as defined in Paragraph 13 of this Plea Agreement, and prior to sentencing in this case, the

20 United States agrees that it will make a motion, pursuant to U.S.S.G. §8C4.1, for a downward

21 departure from the Guidelines fine range in this case and will request that the Court impose the

22 fine contained in the recommended sentence set out in Paragraph 9 of this Plea Agreement

23 because of the defendant's and its related entities' substantial assistance in the government's

24 investigation and prosecutions of violations of federal criminal law in the electrolytic capacitors

25 industry.

26       11.      Subject to the full, truthful, and continuing cooperation of the defendant and its

27 related entities, as defined in Paragraph 13 of this Plea Agreement, and prior to sentencing in this

28 case, the United States will fully advise the Court and the Probation Office of the fact, manner,

PLEA AGREEMENT (NEC TOKIN)      7

1   and extent of the defendant's and its related entities' cooperation and their commitment to
2   prospective cooperation with the United States' investigation and prosecutions, all material facts
3   relating to the defendant's involvement in the charged offense, and all other relevant conduct.

4       12.    The United States and the defendant understand that the Court retains complete
5   discretion to accept or reject the recommended sentence provided for in Paragraph 9 of this Plea
6   Agreement.

7           (a)    If the Court does not accept the recommended sentence, the United States
8   and the defendant agree that this Plea Agreement, except for Paragraph 12(b) below, will
9   be rendered void.

10           (b)    If the Court does not accept the recommended sentence, the defendant will
11   be free to withdraw its guilty plea (Fed. R. Crim. P. 11(c)(5) and (d)). If the defendant
12   withdraws its plea of guilty, this Plea Agreement, the guilty plea, and any statement made
13   in the course of any proceedings under Fed. R. Crim. P. 11 regarding the guilty plea or
14   this Plea Agreement or made in the course of plea discussions with an attorney for the
15   government will not be admissible against the defendant in any criminal or civil
16   proceeding, except as otherwise provided in Fed. R. Evid. 410. In addition, the defendant
17   agrees that, if it withdraws its guilty plea pursuant to this subparagraph of this Plea
18   Agreement, the statute of limitations period for any offense referred to in Paragraph 15 of
19   this Plea Agreement will be tolled for the period between the date of signature of this
20   Plea Agreement and the date the defendant withdrew its guilty plea or for a period of
21   sixty (60) days after the date of signature of this Plea Agreement, whichever period is
22   greater. The "date of signature of this Plea Agreement," as used in this Agreement,
23   means the date that the United States signs this Agreement.

24                               **DEFENDANT'S COOPERATION**

25       13.    The defendant and its subsidiaries that are engaged in the sale or production of
26   electrolytic capacitors, including, but not limited to, NEC TOKIN America, Inc. and NEC
27   TOKIN Taiwan Co., Ltd., (collectively "related entities") will cooperate fully and truthfully with
28   the United States in the prosecution of this case, the current federal investigation of violations of

1   federal antitrust and related criminal laws involving the manufacture or sale of electrolytic

2   capacitors, any federal investigation resulting therefrom, and any litigation or other proceedings

3   arising or resulting from any such investigation to which the United States is a party (collectively

4   "Federal Proceeding"). Federal Proceeding includes, but is not limited to, an investigation,

5   prosecution, litigation, or other proceeding regarding obstruction of, the making of a false

6   statement or declaration in, the commission of perjury or subornation of perjury in, the

7   commission of contempt in, or conspiracy to commit such offenses in, a Federal Proceeding.

8   The defendant's subsidiaries for purposes of this Plea Agreement are entities that the defendant

9   had a greater than 50% ownership interest in as of the date of signature of this Plea Agreement.

10   The full, truthful, and continuing cooperation of the defendant and its related entities will

11   include, but not be limited to:

12         (a)   producing to the United States all documents, information, and other

13       materials, wherever located, not protected under the attorney-client privilege or the work-

14       product doctrine, (and with translations into English), in the possession, custody, or

15       control of the defendant or any of its related entities, that are requested by the United

16       States in connection with any Federal Proceeding;

17         (b)   using its best efforts to secure the full, truthful, and continuing cooperation

18       of the current and former directors, officers, and employees of the defendant or any of its

19       related entities as may be requested by the United States, but excluding the individuals

20       listed in Paragraph 2 of Attachment A filed under seal. Such efforts will include, but not

21       be limited to, making these persons available in the United States and at other mutually

22       agreed-upon locations, at the defendant's expense, for interviews and the provision of

23       testimony in grand jury, trial, and other judicial proceedings in connection with any

24       Federal Proceeding. Current directors, officers, and employees are defined for purposes

25       of this Plea Agreement as individuals who are directors, officers, or employees of the

26       defendant or any of its related entities as of the date of signature of this Plea Agreement.

27       14.     The full, truthful, and continuing cooperation of the current directors, officers,

28   and employees of the defendant or any of its related entities, and the individuals listed in

1  Paragraph 1 of Attachment A filed under seal, will be subject to the procedures and protections
2  of this paragraph and will include, but not be limited to:

3         (a)    producing in the United States and at other mutually agreed-upon
4  locations all documents, including claimed personal documents, and other materials,
5  wherever located, not protected under the attorney-client privilege or the work-product
6  doctrine, (and with translations into English), that are requested by attorneys and agents
7  of the United States in connection with any Federal Proceeding;

8         (b)    making himself or herself available for interviews in the United States and
9  at other mutually agreed-upon locations, not at the expense of the United States, upon the
10 request of attorneys and agents of the United States in connection with any Federal
11 Proceeding;

12        (c)    responding fully and truthfully to all inquiries of the United States in
13 connection with any Federal Proceeding, without falsely implicating any person or
14 intentionally withholding any information, subject to the penalties of making a false
15 statement or declaration (18 U.S.C. §§ 1001, 1623), obstruction of justice (18 U.S.C. §
16 1503, *et seq.*), or conspiracy to commit such offenses;

17        (d)    otherwise voluntarily providing the United States with any material or
18 information not requested in (a) – (c) of this paragraph and not protected under the
19 attorney-client privilege or work-product doctrine that he or she may have that is related
20 to any Federal Proceeding;

21        (e)    when called upon to do so by the United States in connection with any
22 Federal Proceeding, testifying in grand jury, trial, and other judicial proceedings in the
23 United States fully, truthfully, and under oath, subject to the penalties of perjury (18
24 U.S.C. § 1621), making a false statement or declaration in grand jury or court
25 proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401-402), and obstruction of
26 justice (18 U.S.C. § 1503, *et seq.*); and

27        (f)    agreeing that, if the agreement not to prosecute him or her in this Plea
28 Agreement is rendered void under Paragraph 16(c), the statute of limitations period for

PLEA AGREEMENT (NEC TOKIN)          10

1        any Relevant Offense, as defined in Paragraph 16(a), will be tolled as to him or her for

2        the period between the date of signature of this Plea Agreement and six (6) months after

3        the date that the United States gave notice of its intent to void its obligations to that

4        person under this Plea Agreement.

5   This Paragraph 14 does not apply to the individuals listed in Paragraph 2 of Attachment A filed

6   under seal, regardless of their employment status, or to any former director, officer, or employee

7   of the defendant or its related entities, except those listed in Paragraph 1 of Attachment A filed

8   under seal.

9                                 **GOVERNMENT'S AGREEMENT**

10      15.    Subject to the full, truthful, and continuing cooperation of the defendant and its

11   related entities, as defined in Paragraph 13 of this Plea Agreement, and upon the Court's

12   acceptance of the guilty plea called for by this Plea Agreement and the imposition of the

13   recommended sentence, the United States agrees that it will not bring further criminal charges

14   against the defendant or any of its related entities for any act or offense committed before the

15   date of signature of this Plea Agreement that was undertaken in furtherance of an antitrust

16   conspiracy involving the manufacture or sale of electrolytic capacitors.  The nonprosecution

17   terms of this paragraph do not apply to (a) any acts of subornation of perjury (18 U.S.C. § 1622),

18   making a false statement (18 U.S.C. § 1001), obstruction of justice (18 U.S.C. § 1503, et seq.),

19   contempt (18 U.S.C. §§ 401-402), or conspiracy to commit such offenses; (b) civil matters of

20   any kind; (c) any violation of the federal tax or securities laws or conspiracy to commit such

21   offenses; or (d) any crime of violence.

22      16.    The United States agrees to the following:

23        (a)    Upon the Court's acceptance of the guilty plea called for by this Plea

24        Agreement and the imposition of the recommended sentence and subject to the

25        exceptions noted in Paragraph 16(c), the United States agrees that it will not bring

26        criminal charges against any current director, officer, or employee of the defendant or its

27        related entities, or any individual listed in Paragraph 1 of Attachment A filed under seal,

28        for any act or offense committed before the date of signature of this Plea Agreement and

1    while that person was acting as a director, officer, or employee of the defendant or its

2    related entities that was undertaken in furtherance of an antitrust conspiracy involving the

3    manufacture or sale of electrolytic capacitors ("Relevant Offense"), except that the

4    protections granted in Paragraph 16 do not apply to the individuals listed in Paragraph 2

5    of Attachment A filed under seal, regardless of their employment status, or to any former

6    director, officer, or employee of the defendant or its related entities, except those listed in

7    Paragraph 1 of Attachment A filed under seal;

8         (b)    Should the United States determine that any current director, officer, or

9    employee of the defendant or its related entities, or any individual listed in Paragraph 1 of

10   Attachment A filed under seal, may have information relevant to any Federal Proceeding,

11   the United States may request that person's cooperation under the terms of this Plea

12   Agreement by written request delivered to counsel for the individual (with a copy to the

13   undersigned counsel for the defendant) or, if the individual is not known by the United

14   States to be represented, to the undersigned counsel for the defendant;

15        (c)    If any person requested to provide cooperation under Paragraph 16(b) fails

16   to comply fully with his or her obligations under Paragraph 14, then the terms of this Plea

17   Agreement as they pertain to that person and the agreement not to prosecute that person

18   granted in this Plea Agreement will be rendered void, and the United States may

19   prosecute such person criminally for any federal crime of which the United States has

20   knowledge, including, but not limited to, any Relevant Offense;

21        (d)    Except as provided in Paragraph 16(e), information provided by a person

22   described in Paragraph 16(b) to the United States under the terms of this Plea Agreement

23   pertaining to any Relevant Offense, or any information directly or indirectly derived from

24   that information, may not be used against that person in a criminal case, except in a

25   prosecution for perjury or subornation of perjury (18 U.S.C. §§ 1621-22), making a false

26   statement or declaration (18 U.S.C. §§ 1001, 1623), obstruction of justice (18 U.S.C. §

27   1503, *et seq.*), contempt (18 U.S.C. §§ 401-402), or conspiracy to commit such offenses;

28

1        (e)    If any person who provides information to the United States under this
2   Plea Agreement fails to comply fully with his or her obligations under Paragraph 14 of
3   this Plea Agreement, the agreement in Paragraph 16(d) not to use that information or any
4   information directly or indirectly derived from it against that person in a criminal case
5   will be rendered void;

6        (f)    The nonprosecution terms of this Paragraph 16 do not apply to civil
7   matters of any kind; any violation of the federal tax or securities laws or conspiracy to
8   commit such offenses; any crime of violence; or perjury or subornation of perjury (18
9   U.S.C. §§ 1621-22), making a false statement or declaration (18 U.S.C. §§ 1001, 1623),
10   obstruction of justice (18 U.S.C. § 1503, *et seq.*), contempt (18 U.S.C. §§ 401-402), or
11   conspiracy to commit such offenses; and

12        (g)    Documents provided under Paragraphs 13(a) and 14(a) will be deemed
13   responsive to outstanding grand jury subpoenas issued to the defendant or any of its
14   related entities.

15   17.    The United States agrees that when any person travels to the United States for
16 interviews, grand jury appearances, or court appearances pursuant to this Plea Agreement, or for
17 meetings with counsel in preparation therefor, the United States will take no action, based upon
18 any Relevant Offense, to subject such person to arrest, detention, or service of process, or to
19 prevent such person from departing the United States. This paragraph does not apply to an
20 individual's commission of perjury or subornation of perjury (18 U.S.C. §§ 1621-22), making a
21 false statement or declaration (18 U.S.C. §§ 1001, 1623), obstruction of justice (18 U.S.C. §
22 1503, *et seq.*), contempt (18 U.S.C. §§ 401-402), or conspiracy to commit such offenses.

23   18.    The defendant understands that it may be subject to suspension or debarment
24 action by state or federal agencies other than the United States Department of Justice, Antitrust
25 Division, based upon the conviction resulting from this Plea Agreement, and that this Plea
26 Agreement in no way controls what action, if any, other agencies may take. However, the
27 Antitrust Division agrees that, if requested it will advise the appropriate officials of any
28 governmental agency considering such action of the fact, manner, and extent of the cooperation

PLEA AGREEMENT (NEC TOKIN)     13

1  of the defendant and its related entities as a matter for that agency to consider before determining
2  what action, if any, to take. The defendant nevertheless affirms that it wants to plead guilty
3  regardless of any suspension or debarment consequences of its plea.

**REPRESENTATION BY COUNSEL**

5      19.     The defendant has been represented by counsel and is fully satisfied that its
6  attorneys have provided competent legal representation. The defendant has thoroughly reviewed
7  this Plea Agreement and acknowledges that counsel has advised it of the nature of the charge,
8  any possible defenses to the charge, and the nature and range of possible sentences.

**VOLUNTARY PLEA**

10     20.     The defendant's decision to enter into this Plea Agreement and to tender a plea of
11  guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises,
12  or representations other than the representations contained in this Plea Agreement and
13  Attachment A. The United States has made no promises or representations to the defendant as to
14  whether the Court will accept or reject the recommendations contained within this Plea
15  Agreement.

**VIOLATION OF PLEA AGREEMENT**

17     21.     The defendant agrees that, should the United States determine in good faith,
18  during the period that any Federal Proceeding is pending, that the defendant or any of its related
19  entities have failed to provide full, truthful, and continuing cooperation, as defined in Paragraph
20  13 of this Plea Agreement, or have otherwise violated any provision of this Plea Agreement, the
21  United States will notify counsel for the defendant in writing by personal or overnight delivery,
22  email, or facsimile transmission and may also notify counsel by telephone of its intention to void
23  any of its obligations under this Plea Agreement (except its obligations under this paragraph),
24  and the defendant and its related entities will be subject to prosecution for any federal crime of
25  which the United States has knowledge, including, but not limited to, the substantive offenses
26  relating to the investigation resulting in this Plea Agreement. The defendant may seek Court
27  review of any determination made by the United States under this paragraph to void any of its
28  obligations under this Plea Agreement. The defendant agrees that, in the event that the United

1  States is released from its obligations under this Plea Agreement and brings criminal charges

2  against the defendant or its related entities for any offense referred to in Paragraph 15 of this Plea

3  Agreement, the statute of limitations period for such offense will be tolled for the period between

4  the date of signature of this Plea Agreement and six (6) months after the date the United States

5  gave notice of its intent to void its obligations under this Plea Agreement.

6         22.     The defendant understands and agrees that in any further prosecution of it or its

7  related entities resulting from the release of the United States from its obligations under this Plea

8  Agreement because of the defendant's or any of its related entities' violation of this Plea

9  Agreement, any documents, statements, information, testimony, or evidence provided by it, its

10  related entities, or their current or former directors, officers, or employees, to attorneys or agents

11  of the United States, federal grand juries, or courts, and any leads derived therefrom, may be

12  used against it or its related entities. In addition, the defendant unconditionally waives its right

13  to challenge the use of such evidence in any such further prosecution, notwithstanding the

14  protections of Fed. R. Evid. 410.

15                                  **ENTIRETY OF AGREEMENT**

16         23.     This Plea Agreement and Attachment A constitute the entire agreement between

17  the United States and the defendant concerning the disposition of the criminal charge in this case.

18  This Plea Agreement cannot be modified except in writing, signed by the United States and the

19  defendant.

20         24.     The undersigned is authorized to enter this Plea Agreement on behalf of the

21  defendant as evidenced by the Resolution of the Board of Directors of the defendant attached to,

22  and incorporated by reference in, this Plea Agreement.

23         25.     The undersigned attorneys for the United States have been authorized by the

24  Attorney General of the United States to enter this Plea Agreement on behalf of the United

25  States.

26  //

27  //

28  //

PLEA AGREEMENT (NEC TOKIN)       15

1    26.    A facsimile or PDF signature will be deemed an original signature for the purpose

2    of executing this Plea Agreement.  Multiple signature pages are authorized for the purpose of

3    executing this Plea Agreement.

4

5

6                                                    Respectfully submitted,

7

8

9    BY: _____          BY: _____

10        Fumihiro Katakura                       JACKLIN CHOU LEM
11        Associate Senior Vice President         ALEXANDRA J. SHEPARD
         NEC TOKIN Corporation                   HOWARD J. PARKER
12                                               HENRY J. HAUSER
     Dated: _Aug 31, 2015_                       ANDREW J. NICHOLSON-MEADE
13                                               PARADI JAVANDEL

14                                               Trial Attorneys
15                                               U.S. Department of Justice
                                                 Antitrust Division
16
                                             Dated: _8/28/15_
17

18

19

20   BY: _____
21        GEORGE A. NICOUD III
          Gibson, Dunn & Crutcher LLP
22        Counsel for NEC TOKIN Corporation

23   Dated: _1 Sept 2015_

24

25

26

27

28

PLEA AGREEMENT (NEC TOKIN)            16

1   JACKLIN CHOU LEM (CSBN 255293)
    ALEXANDRA J. SHEPARD (CSBN 205143)
2   HOWARD J. PARKER (WSBN 07233)
3   HENRY J. HAUSER (CSBN 286744)
    ANDREW J. NICHOLSON-MEADE (CSBN 284070)
4   PARADI JAVANDEL (CSBN 295841)
    U.S. Department of Justice
5   Antitrust Division
6   450 Golden Gate Avenue
    Box 36046, Room 10-0101
7   San Francisco, CA 94102
    Telephone: (415) 934-5300
8   jacklin.lem@usdoj.gov
9
    Attorneys for the United States
10

11                  UNITED STATES DISTRICT COURT

12               NORTHERN DISTRICT OF CALIFORNIA

13                   SAN FRANCISCO DIVISION

14

15   UNITED STATES OF AMERICA          )   No.
                                        )
16                                      )
              v.                        )
17                                      )   VIOLATION: 15 U.S.C. § 1
                                        )   Price Fixing
18   NEC TOKIN CORPORATION,             )
                                        )
19              Defendant.              )   **ATTACHMENT A TO PLEA**
                                        )   **AGREEMENT**
20                                      )
                                        )
21                                      )
                                        )   **FILED UNDER SEAL**
22                                      )

23

24

25

26

27

28

ATTACHMENT A TO
PLEA AGREEMENT (NEC TOKIN)          1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



ATTACHMENT A TO
PLEA AGREEMENT (NEC TOKIN)          2